OPINION
SLOVITER, Circuit Judge.
Jacob G. Marley appeals the District Court’s order granting summary judgment in favor of appellee CORT Furniture Rental Corporation on Marley’s claim that CORT discriminated against him in violation of § 1981 and New Jersey state law by failing to promote him to any of the three positions for which he applied, specifically in Retail Sales, Executive Sales, and as Assistant Distribution Manager. We will affirm.[1]
Because we write primarily for the parties, our recitation of the facts is brief. Marley, who came to the United States from Liberia in order to conduct business on behalf of the Liberian government, was granted asylum due to a Liberian civil war. In October 2004, Marley began working for CORT as a delivery truck driver. In September 2005, Marley was involved in a car accident that resulted in his being placed on medical leave until October 18, 2005. On Marley’s return to work, he was told by his doctor that he should not lift anything heavy. Although Marley remained a delivery truck driver despite his injury, he was given an additional assistant for moving the furniture he delivered.
Sometime after Marley’s return to work, he expressed to CORT’s then-District General Manager, Anthony DeCant, his desire to explore the potential for a promotion to sales. DeCant was replaced by Bill Rosa- *800 to in December 2005, and Marley informed Rosato of his desire to start working in sales. The two met in February 2006, and their versions of the meeting differ but they agree there was some reference to Marley’s accent, which is the basis for Marley’s discrimination claim. Instead of resolving the issue of the effect of Marley’s Liberian accent, the District Court granted summary judgment for CORT on the ground that Marley failed to establish that he was qualified for any of the positions he sought, and therefore did not make out a prima facie case.
In support of its motion for summary judgment, CORT relied on our decision in Makky v. Chertoff, 541 F.3d 205, 215 (3d Cir.2008), where we held that a plaintiff pursuing a mixed-motive theory of discrimination under Price Waterhouse v. Hopkins, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989), must prove s/he was qualified for the position sought before proceeding on a discrimination claim. We also stated that “[i]n this respect at least, requirements under Price Waterhouse do not differ from those of McDonnell Douglas [Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)” (often referred to as the pretext theory) ]. The District Court reviewed the record produced on summary judgment and analyzed the qualifications needed for both sales positions for which Marley applied. The Court determined that Marley did not meet the necessary qualifications.
The Court explained that for both sales positions an applicant was required to have prior furniture sales experience and the ability to lift 25 pounds for the executive sales position and 50 pounds for the retail sales position. The Court stated that “[bjecause Marley did not have the requisite experience or the ability [to] meet the lifting requirements, he was not qualified for the jobs.” App. at 11. Moreover, although Marley claimed to have previous sales experience, he did not dispute that he did not have any furniture sales experience. We have reviewed the record and see nothing that suggests the District Court erred.
The retail sales position was filled by Charles Jagger sometime after the meeting between Marley and Rosato. Jagger had been with the company only a short time but had previous sales experience. In addition, Jagger had participated in tent sales of CORT furniture. Jagger received positive reviews in response to those tent sales. The executive sales position was filled by an individual Marley described only as a, “short, white, Caucasian kid.” App. at 306.
In May 2006, Richard Petchulat was hired as Assistant Distribution Manager. Marley alleges he was denied this position even though he applied for it, and that an hour after he applied he was informed he was not qualified for the job. That position requires three years experience in warehouse/clistribution management. Prior to his employment at CORT, Petchulat had seven years experience in warehouse management. Marley has offered no testimony or evidence regarding his warehouse management experience.
Similarly, with respect to the Assistant Distribution Manager position, the Court noted that Marley did not have three years of warehouse experience, a job requirement, whereas the successful candidate did. Although Marley disputes that there was such a requirement, he failed to articulate what the job requirements actually were and thus has not met his required burden.
Accordingly, the District Court concluded that Marley failed to establish a prima facie case for failure to promote based on his race, and the Court entered summary judgment. We find no error in the Dis *801 trict Court’s analysis. Accordingly, we will affirm

. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.